**JEWS FOR URBAN JUSTICE, an Unincorporated Association, et al.,**
**Plaintiffs**

**v.**

**Jerry V. WILSON, Chief of Police,**
**Defendant.**

**C. A. No. 1173-70.**

United States District Court,
District of Columbia.

April 21, 1970.

As Amended June 12, 1970.

Philip Hirschkop, Washington, D. C., for plaintiffs.

F. L. Ruck, Asst. Corp. Counsel, Washington, D. C., for defendant.

## ON APPLICATION FOR A TEMPORARY RESTRAINING ORDER

JUNE L. GREEN, District Judge.

This cause came on for hearing for a Temporary Restraining Order to prevent

defendant or his representatives from arresting the individual plaintiffs and members of plaintiff association for violation of D.C.Code § 22–1115. This action was filed on Friday, April 17, 1970, and heard on Monday, April 20, 1970. Plaintiffs seek to conduct a demonstration, consisting of approximately twenty-five demonstrators on the public sidewalk in front of the Embassy of the Union of Soviet Socialist Republics on April 25, 1970. The purpose of the demonstration is to focus public attention on alleged discrimination against persons of the Jewish faith within the Soviet Union. Saturday, April 25, 1970, occurs during Passover.

This application accompanied an application for a three judge court challenging the constitutionality of D.C.Code § 22–1115.

Section 22–1115 of the District of Columbia Code makes unlawful such protest nearer to an Embassy than five hundred feet when such protest, as the proposed one, is directed against the foreign government operating the Embassy. The Police Department has indicated that it intends to deny plaintiffs' application to hold a demonstration within five hundred feet of the Embassy.

■ The constitutionality of § 22–1115 was examined in detail by the United States Court of Appeals for the District of Columbia Circuit in Frend v. United States, 69 App.D.C. 281, 100 F.2d 691 (1938). It may well be that the parties will be permitted to reargue the constitutionality in terms of more modern law with a view toward whether a substantial federal question is presented, and if so, on the merits. However, in determining whether a Temporary Restraining Order shall issue, the Court must consider the reasonable probability that the party to be granted such injunction will ultimately prevail on the merits. Eg. Carling Brewing Co. v. Philip Morris, Inc., 277 F.Supp. 326 (D.Ga.1967). In light of *Frend, supra*, it cannot at this point be said that there is a reasonable probability of success. This Court cannot lightly assume that a section of the Code, once held to be constitutional, will ultimately be held unconstitutional by a three judge court in this action. Further, such extraordinary relief will not be granted absent a clear showing of possible irreparable injury. The only injury that plaintiffs will suffer is that, on April 25, 1970, they will not be able to lawfully protest in front of the Soviet Embassy. They may conduct their demonstration five hundred feet away from the Embassy. This difference in space can hardly amount to irreparable injury within the meaning of that required for a Temporary Restraining Order.

■ Finally, the granting of the requested order would be contrary to the purpose of the remedy which is to preserve the existing situation in its status quo until the Court has had an opportunity to pass on the merits of the situation. Pan American World Airways, Inc. v. Flight Engineers International Assn., 306 F.2d 840 (2d Cir. 1962). To grant the requested relief would dramatically change the existing situation in that it would have the same effect as granting final relief and striking down the statute as unconstitutional. Clearly that is beyond the power of a single District Judge.

ORDER

For the foregoing reasons, it is, by the Court this 21st day of April 1970,

Ordered that plaintiffs' motion for a Temporary Restraining Order is denied.